IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY JR.,

    Petitioner,

v.                                                                   No. 22-cv-698 KG-GBW

HECTOR BALDERAS, *et al*,

    Respondents.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Kerry Begay Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1) (Petition). Begay challenges his state convictions based on due process violations and ineffective assistance by counsel. Having reviewed the matter *sua sponte*, the Court will require Begay to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

I.  Background[1]

    Begay pled guilty in 2019 to two counts of criminal damage to property in violation of N.M.S.A. § 30-15-01. The Plea Agreement was filed in two state criminal cases, Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357 (together, the "Consolidated Criminal Cases"). As part of the Plea Agreement, Begay conceded his status as a repeat offender. (Plea Agreement) in Consolidated Criminal Cases. His prior convictions include battery upon a healthcare worker and a peace officer. *Id.* By an Amended Judgment entered October 30, 2019, the state court

---

[1] The background facts are taken from the Petition and Begay's state criminal dockets, Case Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357. The state criminal dockets are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take judicial notice of the state docket).

sentenced Begay in both cases to a total term of three years imprisonment. (Amended Judgment) in Consolidated Criminal Cases. The sentence was fully suspended, except for time served. *Id.* at 2. Begay was "placed on supervised probation (zero tolerance) for a period of two (2) years, five (5) months and sixteen (16) days…." *Id.* at 2.

In 2020 and 2021, the State moved to revoke Begay's probation. (Motion to Revoke and Probation Violation Notice) in Consolidated Criminal Cases. The state court held a probation violation hearing on September 28, 2021. (Hearing Entry) in Consolidated Criminal Cases. By an Order entered February 21, 2022, the state court revoked Begay's probation in both cases. (Order Revoking Probation) in Consolidated Criminal Cases. The state docket reflects that Begay did not appeal the Amended Judgment or the Order Revoking Probation. (Docket Sheet) in Consolidated Criminal Cases.

Begay filed the instant 28 U.S.C. § 2254 proceeding on September 21, 2022. Construed liberally, the Petition alleges the Order Revoking Probation was entered without due process. Begay contends the prosecutor offered new documents immediately before the revocation hearing. (Doc. 1) at 5. He may also allege counsel provided ineffective assistance in connection with the revocation proceeding. *Id.* at 5-8. Begay submitted two supplements in November of 2022, which contain exhibits from other state criminal cases. (Docs. 3, 4). Begay paid the $5.00 habeas filing fee, and the matter is ready for initial review. The Court will consider what convictions are at issue, based on Begay's supplements to the Petition, before screening the habeas claims.

## II. Scope of this Habeas Proceeding

Begay's Section 2254 Petition only challenges his state convictions in Case Nos. D-1116-

2

CR-2018-1304 and D-1116-CR-2019-357. The supplemental filings contain exhibits relating to three other state cases: Case Nos. D-1116-CR-2022-0725; M-147-FR-2022-336;[2] and D-1116-CR-2021-938. (Doc. 3) at 3-7, 12. The first two cases are pending and have not resulted in any conviction. (Docket Sheet) in Case Nos. D-1116-CR-2022-0725; M-147-FR-2022-336. The prosecutor entered a Nolle Prosequi in the third case, D-1116-CR-2021-938. (Docket Sheet) in D-1116-CR-2021-938. Hence, Begay cannot challenge his conviction or sentence in the three additional cases cited in his supplemental filings. The Court will limit its review in this proceeding to whether Section 2254 relief is available based on the state cases cited in Begay's Petition, Case Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357.

III. Initial Review of the Petition

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer...." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254."); *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("defenses unique to the habeas context such as exhaustion of state remedies ... may be raised by a court *sua sponte*").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to

---

[2] Some exhibits relating to M-147-FR-2022-336 also list the internal agency case no, 2022-2104. (Doc. 3) at 4-7. For purposes of this ruling, the Court only refers to the state court criminal case no, M-147-FR-2022-3362.

3

the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  In New Mexico, this means the petitioner must present each Section 2254 claim to the New Mexico Supreme Court (NMSC).  The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."  *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The Petition and state dockets reflect that Begay did present his claims to the NMSC. Begay states he appealed to New Mexico's "11th Judicial District Court, San Juan County."  (Doc. 1) at 2.  When asked if he sought review from a higher state court, Begay checks the box marked "no."  *Id.*  While Begay does say he exhausted remedies elsewhere in the Petition, the state court dockets confirm that he did not file any appeal in Case Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357.  (Docket Sheets) in Consolidated Criminal Cases.  Accordingly, Begay must show cause within thirty (30) days why his Petition should not be dismissed for failure to exhaust state remedies.  Failure to timely respond will result in dismissal of this action without further notice.

IT IS ORDERED that within thirty (30) days of entry of this ruling, Begay must file a response showing cause, if any, why the Petition should not be dismissed for failure to exhaust state remedies.

_____
UNITED STATES DISTRICT JUDGE