IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KERRY BEGAY JR.,

    Petitioner,

v.                                                                  No. 22-cv-698 KG-GBW

HECTOR BALDERAS, *et al*,

    Respondents.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Kerry Begay Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254. (Doc. 1) (Petition). Begay challenges his state convictions based on due process violations and ineffective assistance by counsel. The Court previously directed him to show cause why this case should not be dismissed for failure to exhaust state remedies. Having reviewed his response and applicable law, the Court will dismiss the Petition without prejudice.

I.  Background[1]

Begay pled guilty in 2019 to two counts of criminal damage to property in violation of N.M.S.A. § 30-15-01. The Plea Agreement was filed in two state criminal cases, Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357 (together, the "Consolidated Criminal Cases"). As part of the Plea Agreement, Begay conceded his status as a repeat offender. (Plea Agreement) in Consolidated Criminal Cases. His prior felony convictions include battery upon a healthcare

---

[1] The background facts are taken from the Petition and Begay's state criminal dockets, Case Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357. The state criminal dockets are subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take judicial notice of the state docket).

worker and a peace officer. *Id.* By an Amended Judgment entered October 30, 2019, the state court sentenced Begay in both cases to a total term of three years imprisonment. (Amended Judgment) in Consolidated Criminal Cases. The sentence was fully suspended, except for time served. *Id.* at 2. Begay was "placed on supervised probation (zero tolerance) for a period of two (2) years, five (5) months and sixteen (16) days...." *Id.* at 2.

In 2020 and 2021, the State moved to revoke Begay's probation. (Motion to Revoke and Probation Violation Notice) in Consolidated Criminal Cases. The state court held a probation violation hearing on September 28, 2021. (Hearing Entry) in Consolidated Criminal Cases. By an Order entered February 21, 2022, the state court revoked Begay's probation. (Order Revoking Probation) in Case No. D-1116-CR-2019-357. The state docket reflects that Begay did not appeal the Amended Judgment or the Order Revoking Probation. (Docket Sheet) in Consolidated Criminal Cases.

Begay filed the instant 28 U.S.C. § 2254 proceeding on September 21, 2022. Construed liberally, the Petition alleges the Order Revoking Probation was entered without due process. Begay contends the prosecutor offered new documents immediately before the revocation hearing. (Doc. 1) at 5. He may also allege counsel provided ineffective assistance in connection with the revocation proceeding. *Id.* at 5-8. Begay submitted a supplement in November of 2022, which contain exhibits from three other state criminal cases: Nos. D-1116-CR-2022-0725; M-147-FR-2022-336;[2] and D-1116-CR-2021-938. (Doc. 3) at 3-7, 12. The first two cases are pending and have not resulted in any conviction. (Docket Sheet) in Case

---

[2] Some exhibits relating to M-147-FR-2022-336 also list the internal agency case no, 2022-2104. (Doc. 3) at 4-7. For purposes of this ruling, the Court only refers to the state court criminal case no, M-147-FR-2022-336.

2

Nos. D-1116-CR-2022-0725; M-147-FR-2022-336. The prosecutor entered a Nolle Prosequi in the third case, D-1116-CR-2021-938. (Docket Sheet) in D-1116-CR-2021-938.

By a Memorandum Opinion and Order entered April 17, 2023, the Court determined Begay cannot challenge a conviction/sentence in the additional three cases cited in his supplement. (Doc. 5) (Screening Ruling). The Court limited this proceeding to whether Section 2254 relief is available based on the state cases cited in Begay's Petition, Case Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357. The Court further determined that Begay failed to exhaust state remedies before filing the Petition. Begay was permitted to show cause why the Petition should not be summarily dismissed based on the failure to exhaust. Begay submitted two responsive filings (Doc. 6, 7), and the matter is ready for review.

III. Discussion

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer...." *Id.* As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254."); *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("defenses unique to the habeas context such as exhaustion of state remedies ... may be raised by a court *sua sponte*").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."

3

*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present each Section 2254 claim to the New Mexico Supreme Court (NMSC). Federal Courts can only excuse the exhaustion requirement "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). *See also Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) ("The only exception to the exhaustion requirement is a showing of futility"); *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (to excuse the requirement, "a federal habeas corpus petitioner must … he had no available state avenue of redress."). The habeas petitioner "bears the burden of proving that he exhausted state court remedies ... or that exhaustion would have been futile." *Selsor*, 644 F.3d at 1026 (internal citations omitted).

As noted in the prior ruling, the Petition and state dockets reflect that Begay did not present his claims to the NMSC. The Petition states Begay appealed to New Mexico's "11th Judicial District Court, San Juan County." (Doc. 1) at 2. When asked if he sought review from a higher state court, Begay checks the box marked "no." *Id.* The state court dockets also confirm that he did not file any appeal in Case Nos. D-1116-CR-2018-1304 and D-1116-CR-2019-357. (Docket Sheets) in Consolidated Criminal Cases.

The Court explained these principles in the Screening Ruling. In response, Begay again explains that he attempted to appeal the revocation order in New Mexico's Eleventh Judicial District Court, *i.e.,* the state trial court. (Doc. 6) at 1. Begay sent his appeal documents to that court on or about February 14, 2022 and February 22, 2022. *Id.* However, he has not received a response. *Id.* At some point, Begay was also advised that his attorney does not have a duty to

4

file a habeas petition.[3]  *Id.*   Begay's second show-cause response is styled as a Motion for Subpoena.  (Doc. 7).  He asks the Court to subpoena the jail's outgoing mail log, which will show he attempted to file an appeal with the state trial court in February of 2022.  (Doc. 7) at 1.  The Court assumes Begay sent appeal documents to the state trial court on or about February 14, 2022 and February 22, 2022 and will deny the motion (Doc. 7) as moot.

Accepting Begay's allegations as true, he has failed to show there was no opportunity for redress; the state corrective process was deficient; or that exhaustion would have been futile.  In New Mexico, parties must appeal an adverse ruling by filing a notice with the appropriate court of appeals within thirty days after entry of the order.  *See* NMRA, Rule 12-201.  The fact that Begay "attempt[ed] to file appeals" with the trial court demonstrates a mistake of law, rather than any defect in the state appellate process.  (Doc. 6) at 1.  "It is well-settled that ignorance of the law cannot excuse the failure to exhaust."  *Herd v. Tapia*, 356 Fed. App'x 140, 143 (10th Cir. 2009).  *See also Gunderson v. Abbott*, 172 Fed. App'x. 806, 809 (10th Cir.2006) ("ignorance of the [requirement to exhaust] ... neither removes fault from the petitioner nor sets him apart from any other case"); *Valenzuela v. Silversmith*, 669 F.3d 1199, 1207 (10th Cir. 2012) ("ignorance of the law is not a valid excuse for failing to satisfy procedural requirements").

In addition, there is still an opportunity for redress in state court.  Unlike most states, "New Mexico does not impose a statute of limitations on habeas petitioners."  *State v. Sutphin*, 2007-NMSC-045, ¶ 12, 164 P.3d 72.  Begay may therefore file a state habeas petition in the Consolidated Criminal Cases, if he is confined pursuant to the revocation order, and appeal any

---

[3] The show-cause response also purports to set out an exchange between the state trial judge and Begay's attorney regarding the length of his sentence.  (Doc. 6) at 1.  Such comments, which were made at the revocation hearing, are not relevant to whether Begay exhausted state remedies.

adverse state habeas ruling to the NMSC.

For these reasons, Begay has failed to show exhaustion of state remedies would be futile based on his initial, improper attempts to appeal the revocation order. The Court will dismiss the Petition without prejudice to refiling after the exhaustion requirement is satisfied. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the failure to exhaust is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

IT IS ORDERED:

1. Kerry Begay Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) is dismissed without prejudice.

2. A certificate of appealability is denied.

3. The Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE